**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

RICHARD DALE THOMAS,

                Plaintiff

    v.

MORRIS HOUSER, *et al*.

                Defendants.

CIVIL ACTION NO. 3:26-CV-00492

(MEHALCHICK, J.)

**MEMORANDUM**

Before the Court is a complaint filed by Plaintiff Richard Dale Thomas ("Thomas"). (Doc. 1). Also pending is Thomas' motions for leave to proceed *in forma pauperis* and for appointment of counsel. (Doc. 2; Doc. 4; Doc. 7; Doc. 13). The Court will grant the motion to proceed *in forma pauperis*, screen the complaint pursuant to 28 U.S.C. § 1915A, dismiss the complaint, deny the motions for appointment of counsel, and grant Thomas an opportunity to bring his claims before the Court by filing an amended complaint.

## I.    BACKGROUND AND PROCEDURAL HISTORY

The Court received and docketed Thomas' complaint on February 17, 2026. (Doc. 1.) This complaint names the following four defendants: (1) Morris Houser, Regional Deputy Secretary of the Department of Corrections ("DOC"); (2) Michael Wenerovicz, Executive Deputy Secretary for Institutional Operations; (3) Laurel R. Harry, Secretary of the DOC; and (4) Josh Shapiro, Governor of Pennsylvania. (Doc. 1, at 2-3). The complaint alleges that on January 20, 2026, Thomas attended an RRL[1] Placement hearing via video. (Doc. 1, at 4).

---

[1] The Court construes Thomas' reference to "RRL" as the Restricted Release List as discussed in DC-ADM 802, Section 1.

Thomas alleges that he was "placed on RRL Placement by Defendants because they claim that [he] is being placed on the RRL as a result of two separate serious escape attempts." (Doc. 1, at 4). Thomas denied ever being found guilty for any prison escapes or attempted escapes by any prison hearing examiners. (Doc. 1, at 4). He likewise denies any escapes being on his prison record. (Doc. 1. at 4). Thomas alleges that Defendants lied about his attempt to escape from prison and they had "no real legit reason to place me on RRL Placement other than to neetle [sic] me and cause me mental anguish." (Doc. 1, at 4). Thomas further states that "Prison staff put me on RRL Placement so that they would never release me from solitary confinement and keep me stranded in solitary confinement. (Doc. 1, at 4). Based on these alleged facts, Thomas is brining claims under 42 U.S.C. § 1983, *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA). (Doc. 1, at 1).

Along with the complaint, Thomas filed a motion to proceed *in forma pauperis* and a motion for the appointment of counsel. (Doc. 2; Doc. 4). That same day, the Court entered an administrative order directing Warden at the State Correctional Institution Camp Hill ("SCI-Camp Hill") to file provide the court a certified copy of Thomas' prisoner trust fund account statement. (Doc. 5).

On March 12, 2026, Thomas filed a second motion for appointment of counsel. (Doc. 7). On March 17, 2026, the Court sent a second administrative order to SCI-Camp Hill requesting a certified copy of Thomas' prisoner trust fund account statement. (Doc. 9). On April 13, 2026, the Court received and docketed Thomas' notification that he had been transferred from SCI-Camp Hill and SCI-Fayette. (Doc. 10). The Court then sent a third administrative order to SCI-Fayette seeking a certified copy of Thomas' prisoner trust fund

account statement. (Doc. 11). On April 17, 2026, the Court received and docketed the outstanding certified prisoner trust fund account statement. (Doc. 12). On May 18, 2026, the Court received and docketed a third motion for the appointment of counsel and a letter requesting an update on whether or not the court had received a certified copy of the prisoner trust fund account statement. (Doc. 13; Doc. 14).

The Court will grant the motion to proceed *in forma pauperis* and screen the amended complaint pursuant to 28 U.S.C. § 1915A.

## II.   STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In this case, because Thomas is a prisoner suing a governmental employee and brings his suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first

take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Iqbal*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers"

5

and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**III.   DISCUSSION**

   A.  ALL SECTION 1983 CLAIMS WILL BE DISMISSED.

A review of the facts pleaded in the complaint demonstrates that Thomas has premised liability for the Section 1983 claims against the four named defendants under a theory of *respondeat superior*. Thomas makes no allegation that the named Defendants attended his RRL hearing or that the named Defendants individually presented evidence against him that was included in his RRL hearing. Instead, he provides the following statement when asked to set forth his legal claims:

> Prison staff/Defendants lying about my prison escapes, prison staff violating my rights and violating prison policies and procedures while working in the capacity of their employment, I cite Governor Josh Shapiro on grounds that he is the person in charge of overseeing that prisons are being ran in a professional manner and Josh Shapiro has neglected his duties as Governor while working in the capacity of his employment . . . I've written all Defendants via-mail and told them all to release me from RRL Placement and remove me from solitary confinement. I am still in solitary confinement and still on RRL Placement.

(Doc. 1, at 5).

Section 1983 provides that persons acting under color of state law may be held liable if they deprive an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See* 42 U.S.C. § 1983. To state a Section 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was

committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1998); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct, and "cannot be predicated solely on the operation of *respondeat superior.*" *Evancho v. Fishser*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs.... Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207-08. Such allegations, however, must be made with appropriate particularity in that the complaint must allege the particulars of conduct, time, place, and personal responsibility. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Subsequent knowledge of an incident is insufficient to demonstrate that a state actor played an "affirmative part" in the alleged misconduct. *See Rode*, 845 F.2d at 1207-08 (the after-the-fact submission of a grievance is "simply insufficient" to establish a defendant's knowledge of an underlying constitutional violation at the time it occurred); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (Grievance Coordinator and Superintendent's involvement in review and denial of grievance insufficient to establish personal involvement). Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208.

Here, Thomas has named those in charge in the DOC itself and not the individuals who he alleges violated his rights, who he refers to as "prison staff." Instead, he seeks to

establish liability under a theory of *respondeat superior*, which is insufficient to state a Section 1983 claim. To the extent that Thomas is attempting to establish knowledge on the part of the named Defendants because he wrote them and requested his release, this is insufficient as well. If an after-the-fact review by a grievance coordinator is insufficient to establish liability, an after-the-fact request to the agency executives and governor is likewise lacking. Therefore, the Court will dismiss all Section 1983 claims without prejudice.

B. ALL BIVENS CLAIMS WILL BE DISMISSED.

Thomas indicated in his complaint that he has brought this action under *Bivens*. (Doc. 1, at 1). "*Bivens* is the short-hand name given to causes of action against federal officials for alleged constitutional violations." *Bistrian v. Levi*, 912 F.3d 79, 88 (3rd Cir. 2018). Thomas is attempting to raise claims against executives in a state agency and the Governor of Pennsylvania. (Doc. 1). These are not federal officials. Therefore, the Court will dismiss all *Bivens* claims against Defendants with prejudice.

C. ALL FTCA CLAIMS WILL BE DISMISSED.

Thomas has raised this action pursuant to the FTCA. (Doc. 1.) "The FTCA offers a limited waiver of the federal government's sovereign immunity from civil liability for negligent acts of government employees acting within the scope of their employment." *Rinaldi v. United States*, 904 F.3d 257, 273 (3d Cir. 2018) (citing *Berkovitz v. United States*, 486 U.S. 531, 536, (1988)*; 28 U.S.C. §§ 2671–2680). However, it "'does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court.'" *See Lomando v. United States*, 667 F.3d 363, 372 (3d Cir. 2011) (quoting *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 362 (3d Cir. 2001)).

The United States is the only proper defendant in an FTCA suit. *See, e.g., Brownback v. King*, 141 S.Ct. 740, 746 (2021) (explaining that, when Congress passed the FTCA, it waived the sovereign immunity of the United States, so that parties can sue the United States directly for harms caused by its employees); *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008), as amended (Sept. 29, 2008), (noting that "[t]he Government is the only proper defendant in a case brought under the FTCA").

Here, Thomas is attempting to raise claims against executives in a state agency and the Governor of Pennsylvania. (Doc. 1). These are not federal employees, and Thomas has not named the United States as a defendant. Therefore, the court must dismiss the FTCA claim against all Defendants with prejudice pursuant to *Brownback* and 28 U.S.C. § 1915A.

D.  ALL MOTIONS FOR APPOINTMENT OF COUNSEL WILL BE DENIED.

Thomas has filed three motions for appointment of counsel. (Doc. 4; Doc. 7; Doc. 13). All three motions make the same claims, that Thomas is severely mentally ill and cannot afford counsel. (Doc. 4; Doc. 7; Doc. 13).

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court has discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019). The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances after a finding that the plaintiff's case has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the court finds that the plaintiff has crossed this threshold inquiry,

the court should consider the following factors in deciding whether to request a lawyer to represent an indigent plaintiff:

(1)   the plaintiff's ability to present his or her own case;
(2)   the complexity of the legal issues;
(3)   the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4)   the plaintiff's ability to retain counsel on his or her own behalf;
(5)   the extent to which a case is likely to turn on credibility determinations, and;
(6)   whether the case will require the testimony of expert witnesses.

*Tabron*, 6 F.3d at 155-57. This list of factors is non-exhaustive, and no single factor is determinative. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)). Instead, these factors serve as guideposts for the district courts to ensure that the precious commodity of volunteer attorney time is not "wasted on frivolous cases." *Montgomery*, 294 F.3d at 499.

Thomas has not made a threshold showing that his case has arguable merit in fact and law. As set forth above, the complaint will be dismissed without prejudice. Therefore, the motions for the appointment of counsel will be dismissed without prejudice. Thomas may renew his motion or the Court may raise the appointment of counsel *sua sponte* if deemed appropriate.

10

## IV.    CONCLUSION

For the above stated reasons, the Court will dismiss the complaint. All Section 1983 claims will be dismissed without prejudice. The *Bivens* and FTCA claims will be dismissed with prejudice. The motions for appointment of counsel will be denied without prejudice. The Court will allow Thomas to file an amended complaint to cure the pleading defects set forth above. The amended complaint will be titled "Amended Complaint" and be filed under the above captioned case number.

An appropriate order follows.


Dated: May 22, 2026                                      *s/ Karoline Mehalchick*
                                           **KAROLINE MEHALCHICK**
                                           **United States District Judge**